**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Clifford L. Snider, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3-98-2800-12 |
| ) | |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | **ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On December 10, 2004, under 42 U.S.C. § 406(b), the plaintiff filed a petition seeking the authorization of $21,500.00 in attorney's fees. On January 11, 2005, the defendant filed a memorandum in opposition to the plaintiff's petition. This matter is now ready for disposition.

On September 24, 1998, under 42 U.S.C. § 405(g), the plaintiff commenced an action seeking review of the defendant's administrative decision denying his disability benefits. On November 25, 1998, the defendant filed an answer. On December 28, 1998, the plaintiff filed a motion for an extension of time to file a reply brief to the defendant's answer. Magistrate Judge Joseph R. McCrorey denied this motion. On February 8, 1998, the plaintiff filed a motion to compel the Court to accept an out of time brief, which Magistrate Judge McCrorey granted. On April 27, 1999, the defendant filed a motion to remand under sentence four of section 405(g).

On June 2, 1999, the Court granted the defendant's motion and reversed the defendant's decision denying the plaintiff's claim for benefits and remanded the case to an Administrative Law Judge. On June 21, 1999, the plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act. The defendant did not oppose the plaintiff's motion, and on October 18, 1999, the Court awarded the plaintiff $3,068.66 in attorney's fees and $150.00 in costs.

On September 27, 2002, the defendant found that the plaintiff was entitled to past due benefits. On July 28, 2004, the plaintiff petitioned the defendant for approval of $10,000.00 in attorney's fees for 51.8 hours of work performed. The record does not reveal whether the defendant has authorized this fee. On August 14, 2004, the defendant notified the plaintiff of the amount of past due benefits it had awarded him. The plaintiff filed this petition nearly 120 days after receiving notification of the amount of past due benefits owed to the plaintiff.

First, the defendant claims that counsel has waived this claim for attorney's fees. Local Rule 83.VII.07(A) requires a petition for attorney's fees to be filed within 60 days after the expiration date for filing a notice of appeal, petition for writ of certiorari, or affirmance of the judgment on appeal. The defendant contends that this period began running when the Court remanded the case on June 2, 1999. Application of the rule in this manner, however, would not lead to reasonable results when applied to the case of a Court issuing a sentence four remand under section 405(g). Attorney's fees may only be taken out of past due benefits. See 42 U.S.C. § 406(b). The defendant did not decide that the plaintiff was entitled to benefits until September 27, 2002. The defendant did not calculate the precise amount of past due benefits owed to the plaintiff until August 14, 2004. The defendant had not determined the plaintiff was entitled to past due benefits within sixty days after the Court issued its judgment remanding the case to the defendant.

Moreover, Rule 83.VII.07(B) and section 406(b) require a Court to determine if a fee is reasonable and restrict a fee to twenty-five percent of past due benefits. The Court cannot do so until the defendant calculates the past due benefits owed the plaintiff. The sixty day time limitation, therefore, does not begin to run when the Court reverses and remands a case to the

defendant under sentence four of section 405(g).

The defendant argues that the plaintiff is still required to file a petition for fees in a reasonable amount of time.  See Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987).  The defendant further contends that a reasonable amount of time to file a petition is sixty days after the plaintiff is aware of the past due benefits being paid to the plaintiff.  The plaintiff filed this petition nearly 120 days after the defendant notified the plaintiff of the amount of past due benefits owed.  No rule limits the amount of time attorneys have to petition for fees after a successful remand to the defendant.  Local Rule 83 VII.07(A) reveals the Court's policy of requiring attorneys to promptly file petitions for attorney's fees paid out of a past due benefits award.  This rule, however, does not apply to this case, and deeming counsel has waived his claim for attorney's fees without notice provided by a specific rule is harsh.  Counsel has not waived his claim for attorney's fees.

Second, the defendant contends that the award the plaintiff seeks is excessive.  If a Court renders a favorable decision to a claimant under the Social Security Act, then "the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past due benefits[] the claimant is entitled by reason of such judgment . . ."  42 U.S.C. § 406(b)(1)(A).  A Court may not include in the calculation of an award of attorney's fees work done at the agency level.  Morris v. Social Security Administration, 689 F.2d 495, 497 (4th Cir. 1982).[1]  While the Court may not consider services

---

[1] This rule, however, was developed when courts determined if a fee was reasonable primarily based on a reasonable hourly rate multiplied by a reasonable amount of hours spent on a case.  The Supreme Court has altered this approach.  See Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002).

performed before the defendant, the Court must take into account fees fixed by the defendant in calculating the maximum attorney fee allowed under section 406(b). Id.  An attorney is allowed fees for services performed before the Court even when the Court does nothing more than remand the case. Id.  The Court must take into account an attorney's risk of receiving nothing for services rendered in contingent fee situations.  "[C]harges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is uncertain." McKittrick v. Gardner, 378 F.2d 872, 875 (4th Cir. 1967).

In the past, the Court employed the lodestar method to determine if a requested fee in a social security case was reasonable. See Local Rule 83.VII.07(B)(requires a petition for attorney's fees to comply with the requirements in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).  The lodestar method requires a Court to analyze factors in order to determine reasonable hourly rates and reasonable hours. See Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986).  The Supreme Court, however, has held that because Congress enacted 406(b) to control and not displace fee agreements between a client and counsel, the lodestar method is an inappropriate device to use to determine if a fee is reasonable under section 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002).  The only boundary line Congress set was that fees may not be in excess of twenty-five percent of past due benefits, and within this boundary, the plaintiff has the burden of establishing that the fees sought are reasonable for the services rendered. Id. As a result, the Court must abandon the lodestar method and review the plaintiff's fee agreement to ensure it yields a reasonable result. Id. at 807.

The Supreme Court in Gisbrecht set forth the following factors it believed Courts should consider when determining if a fee agreement is reasonable: (1) "character of representation and

the results the representation achieved[;]" (2) "if the attorney is responsible for a delay," Courts should reduce the attorney's award to "prevent the attorney from profiting in the accumulation of benefits during the pendency of the action[;]" (3) the benefits compared to the amount of time counsel spent on the case, to avoid a windfall for counsel; (4) "the hours counsel spent representing the claimant and counsel's normal hourly billing charge for non-contingent fee cases." Id.

The defendant awarded the plaintiff past due benefits in the amount of $140,026.40. Twenty-five percent of this figure is $35,006.60. The plaintiff has petitioned the defendant for $10,000.00 in attorney's fees for services rendered at the agency level. The plaintiff requests that the Court authorize additional attorney's fees in the amount of $21,500.00. The total amount of fees the plaintiff requests, $31,500.00, is twenty-two percent of past due benefits and does not violate section 406(b). Under the contingent fee agreement between the plaintiff and counsel, the plaintiff is obligated to pay counsel twenty-five percent of past due benefits awarded the plaintiff. The Court in applying the four factors set forth in Gisbrecht, however, must review the amount the fee agreement yields to ensure that counsel's resulting fee is reasonable.

First, counsel claims that the service he rendered were of high quality. The defendant does not dispute this assertion. Initially, the defendant denied the plaintiff's claim for benefits, but after counsel appealed the decision to this Court, the defendant reversed its decision and found that it owed the plaintiff $140,026.40 in past due benefits.

Second, counsel claims that no delays were attributable to him. The Court notices that after the plaintiff initiated the action in this Court and defendant had answered, the plaintiff requested an extension of time to file a brief, which Magistrate Judge McCrorey denied. This,

however, does not indicate that counsel delayed the proceedings to profit from the accumulation of past due benefits.

Third, counsel expended 21.5 hours representing the plaintiff before the Court and seeks a fee of $21,500.00. Counsel claims that he expended 51.8 hours representing the plaintiff at the agency level and could potentially receive a fee of $10,000.00. Counsel expended a total of 73.3 hours in this case and requests fees totaling $31,500.00. Counsel argues that based on the contingent nature of the fee agreement and the long delays encountered in the approval of attorney's fees in Social Security claims, the fee is not a windfall. Counsel presents other district courts' post Gilsbrecht decisions to bolster his claim that his requested fees would not result in a windfall. Brown v. Barnhart, 2003 WL 21543831 (W.D. Va. 2003)(approving fee that resulted in rate of $977.14); Thompson v. Barnhart, 240 F.Supp.2d 562 (W.D. Va. 2003)(approving fee that resulted in a hourly rate of $933.52); Claypool v. Barnhart, 294 F.Supp.2d 829 (S.D. W.Va. 2003)(approving fee that resulted in an hourly rate of $1,433.12). Based on the risk inherent in a contingent fee agreement and the total amount of hours counsel performed in this case, the Court does not believe that a fee totaling $31,500.00 will result in a windfall to counsel. [2]

Fourth, counsel does not work on non-contingent legal matters so he has no ordinary billing rate to compare with the rate he seeks in this case. Counsel submits the 2000 Survey of

---

[2] When testing a contingent fee for reasonableness, a disagreement exists between district courts in this circuit as to whether the Court should consider time an attorney expended at the agency level in addition to work performed at the judicial phase of the proceedings. See Henshaw v. Barnhart, 317 F.Supp.2d 657, 661 (W.D.Va. 2004). The district courts considering work performed at the agency level reason that Gisbrecht requires a determination of the reasonableness of a contingent fee agreement and to properly do so, the court must consider the total amount of work an attorney performed for the client, including work done at the agency level. Id. The Court agrees with this reasoning.

Law Firm Economics, performed by Altman Weil Inc. This survey indicates that the median standard hourly billing rate for attorneys with similar experience as counsel ranges from $200.00 an hour to $250.00 an hour. Counsel should be compensated, however, for the risk he incurred by taking this case on a contingent fee basis. See McKittrick, 378 F.2d at 875. After enhancing the standard hourly billing rate listed above to take into account the risk that counsel could have received nothing, the hourly rate counsel will receive under the contingent fee agreement is consistent with the hourly rate paid to attorney's of counsel's similar experience and skill.

Based on the quality of services rendered by counsel and the contingent nature of payment, the Court finds that an award of $21,500.00 is reasonable. Accordingly, the Court grants counsel's fee request. Upon receipt of this fee, counsel is required to remit to the plaintiff the attorney's fees he received under the Equal Access to Justice Act, which was $3,068.66

**AND IT IS SO ORDERED**.

May 3, 2005
Charleston, South Carolina

s/ C. Weston Houck
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**